UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARIO CUTONE MUSHROOM
CO., INC., et al.,**

      **Plaintiffs,**

vs.                                                                 Case No. 8:10-CV-715-T-27EAJ

**FLORIDA PRIME MUSHROOMS,
INC. d/b/a QUINCY FARMS, et al.,**

      **Defendants.**
_____/

## ORDER GRANTING
## TEMPORARY RESTRAINING ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for Temporary Restraining Order Without Notice (Dkt. 2), Affidavits in Support (Dkts. 3, 4), Exhibits (Dkt. 7), and counsel's Certification Why Notice Should Not Be Required (Dkt. 2-2). Plaintiffs have shown that immediate, irreparable injury, and loss will result from dissipation of assets subject to the statutory trust established by the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). The affidavits, statements of account, and unpaid invoices demonstrate that Plaintiffs will sustain immediate and irreparable injury, loss, or damage before Defendants can be heard in opposition. Counsel's Certification Why Notice Should Not Be Required satisfies the requirements of Fed. R. Civ. P. 65(b).

Accordingly, Plaintiffs' Motion for Temporary Restraining Order Without Notice (Dkt. 2) is **GRANTED.** It is **ORDERED** that

    1)    Defendants Florida Prime Mushrooms, Inc. d/b/a Quincy Farms, Chattahoochee Management Group, LLC, Bruce E. Broomall, and Charles O. Broomall (collectively, "Defendants"), their agents, officers, subsidiaries, assigns, banking institutions, and related entities,

1

shall not alienate, dissipate, pay over or assign any assets of Florida Prime Mushrooms, Inc. d/b/a Quincy Farms or Chattahoochee Management Group, LLC or their subsidiaries or related companies except for payment to Plaintiffs until further order of Court or until Defendants pay Plaintiffs the aggregate amount of $370,411.16 by cashier's check or certified check.

2) In the event that Defendants fail to pay Plaintiffs the aggregate amount of $370,411.16 by cashier's check or certified check within five (5) days of service of this Order, Defendants shall:

a) Serve upon Plaintiff's counsel an accounting, signed under penalty of perjury, which identifies the assets and liabilities and each account receivable of Florida Prime Mushrooms, Inc. d/b/a Quincy Farms and Chattahoochee Management Group, LLC, and

b) Serve upon Plaintiff's counsel any and all documents in connection with the assets and liabilities of Florida Prime Mushrooms, Inc. d/b/a Quincy Farms and Chattahoochee Management Group, LLC and related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns.

3) It is determined that no bond shall be required, as Defendants are already in possession of at least $370,411.16 of Plaintiffs' PACA trust assets, and PACA is a remedial statute. *See Caterpillar, Inc. v. Nationwide Equip.*, 877 F. Supp. 611, 617 (M.D. Fla. 1994) (courts have discretion to waive bond requirement).

4) Plaintiffs' counsel shall immediately serve the Complaint, moving papers and this Temporary Restraining Order upon all Defendants.

5) Plaintiffs shall immediately file a notice with the Court upon receiving payment in full from Defendants, at which time this order will be dissolved.

6) This Order shall remain in full force and effect for fourteen (14) days from the date of entry or until further order of Court.

7) The motion for preliminary injunction (Dkt. 5) is set for hearing on **Wednesday, April 7, 2010 at 3:30 p.m.** The parties shall comply with Local Rule 4.06.

**DONE AND ORDERED** this 26th day of March, 2010 at 11:22 a.m.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record